THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
ZOEY P. MERRILL (California State Bar No. 268331)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Chapter 7 Trustee
GARY R. FARRAR

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

NORMAN ALAN NICHOLSON,

    Debtor.

NO: 11-34195-C-7

DC No.: SLF-3

**MOTION FOR AUTHORIZATION TO SELL PROPERTY AT PUBLIC AUCTION FREE AND CLEAR OF CO-OWNER'S INTEREST**

Date: October 18, 2011
Time: 9:30 a.m.
Place: Department C
The Honorable Christopher M. Klein

Chapter 7 Trustee Gary R. Farrar respectfully moves for authorization to sell the estate's nonexempt interest in two vehicles and a boat at public auction free and clear of the interest of the boat's co-owner, Sarah E. Nicholson. The Trustee believes the proposed sale is in the best interests of the creditors and this Court should approve it pursuant to Bankruptcy Code Section 363(b) and (f).

## FACTS

1. On June 7, 2011, the Debtor filed this case. Gary R. Farrar was appointed Chapter 7 Trustee.

2. In his Schedules, the Debtor disclosed an interest in the following property:

   (i) 1975 Chevrolet Corvette, VIN 1237J55423839, which he valued at $3000 and exempted the full amount of pursuant to California Code of Civil Procedure Section 703.140(b)(5) (the "Corvette");

   (ii) 1927 Bucket-T Roadster, VIN 102796, which he valued at $10,000 and in which he did not claim an exemption (the "Model T"); and

   (iii) 1974 Owens Concord Cabin Cruiser (50 percent interest), ID CND41009M74C, which he valued at $11,000 and in which he did not claim an exemption (the "Boat").

(Collectively, the "Property.")

3. The Debtor delivered the Property to Ernst & Associates Auctioneers, Inc. ("Ernst"), P.O. Box 3251, Modesto, California 95353. (Farrar Decl., ¶ 2).

4. The Debtor did not schedule any liens against the Property and the Trustee is unaware of any liens. (Farrar Decl., ¶ 3).

5. The other 50 percent owner of the Boat is the Debtor's former wife Sarah E. Nicholson. She has signed a Declaration consenting to the sale of the Boat free and clear of her interest pursuant to the terms of this Motion. (Nicholson Decl., ¶ 2).

6. Ms. Nicholson is entitled to 50 percent of the net sale proceeds from the sale of the Boat. (Farrar Decl., ¶ 4, and Nicholson Decl., ¶ 3).

7. Ernst informed the Trustee that he believes the Property will sell at auction for approximately the following amounts:

   (i) $4000 for the Corvette;

   (ii) $5000 for the Model T; and

(iii) $15,000 for the Boat (one-half of which is property of the estate). (Farrar Decl., ¶ 5).

## SALE OF THE PROPERTY AT PUBLIC AUCTION

8. Title 11 U.S.C. 363(b)(1) states that "[t]he Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

9. The Trustee believes, based on his knowledge and on Ernst's evaluations of the Property, that there is equity in the Property and a sale of the Property at public auction is the best method of liquidating it for the benefit of the estate. (Farrar Decl., ¶ 6).

10. The Trustee is filing, concurrently with this motion, an application to employ Ernst. (Farrar Decl., ¶ 7).

11. The Trustee believes that by using an auction process, the Property will be exposed to a large number of prospective purchasers and, for that reason, will likely be sold for the best possible price. Ernst engages in extensive advertising, including highway billboards, television, and newspaper advertising, and it mails advertising brochures to its subscriber list of approximately 6000 people. (Farrar Decl., ¶ 8).

12. If the Court approves this Motion, the Trustee intends to sell the Property at public auction. The Property will be sold on an "AS IS" basis without any warranties. The proposed public sale will be held on Ernst's first available Saturday after the Court approves this motion, at 9:00 a.m. at Ernst, located at 824 Kiernan Avenue, Modesto, California 95356. Interested persons may inspect the Property at Ernst on the Friday preceding the sale between 9:00 a.m. and 4:00 p.m. Information regarding the sale or subsequent sale dates, if any, may be obtained by telephoning Ernst, at (209) 527-7399. (Farrar Decl., ¶ 9).

13. The Trustee intends to accept the highest reasonable bid. If, in the exercise of the Trustee's business judgment, no reasonable bid is received, the Property may be held for subsequent auction or private sale without additional notice. (Farrar Decl., ¶ 10).

14. The Trustee believes the sale of the Property at a public auction is in the best interests of the creditors because it is likely to obtain the best possible price and should be

approved by the Court under Bankruptcy Code Section 363. (Farrar Decl., ¶ 11).

## SALE OF THE BOAT FREE AND CLEAR OF CO-OWNER'S INTEREST

15. Title 11 U.S.C. 363(f)(2) states "[t]he trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if...such entity consents."

16. Here, Ms. Nicholson has consented to the sale of the Boat free and clear of her interest in the boat and pursuant to the terms of this motion. (Nicholson Decl., ¶ 2).

## AUCTIONEER COMPENSATION

17. As is noted in the accompanying application to employ Ernst, the Trustee requests authorization to pay Ernst a 12 percent commission and to reimburse Ernst for reasonable expenses directly from the proceeds of sale, and for Ernst to collect a 15 percent buyer's fee directly from the buyer. The Trustee believes that this is a customary practice for the auction sale of personal property and one which encourages the use of auction professionals to assist with bankruptcy sales of property. The Trustee will file a report of the sale with the Court. (Farrar Decl., ¶ 12).

## CONCLUSION

The Trustee respectfully requests that the Court authorize the sale of the Property at public auction on the terms and conditions set forth in this Motion, approve the compensation of the auctioneer on the terms and conditions set forth in this Motion (12 percent seller's commission, reimbursement of reasonable expenses, and 15 percent buyer's fee), and that it grant such other and further relief as is appropriate.

Dated: September 6, 2011	THE SUNTAG LAW FIRM
	A Professional Corporation


	By: /s/ Dana A. Suntag
	DANA A. SUNTAG
	Attorneys for Chapter 7 Trustee
	GARY R. FARRAR